# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DONALD A. PETERSON and LORI HILDMEYER,**

       Plaintiffs,

v.                          Case No:   6:18-cv-84-Orl-31DCI

**PNC BANK, N.A.,**

       Defendant.

## ORDER

This matter comes before the Court without a hearing on the Motion to Dismiss (Doc. 73) filed by the Defendant, PNC Bank, N.A. (henceforth, "PNC Bank"), and the response in opposition (Doc. 75) filed by the Plaintiffs, Donald Peterson and Lori Hildmeyer.

**I.    Background**

According to the allegations of the First Amended Complaint (Doc. 65), which are taken in pertinent part as true for purposes of resolving this motion, the Plaintiffs took out a mortgage in 2007 on their home in Oviedo, Florida.  (Doc. 65 at 2).  The mortgage holder was National City Mortgage, a division of National City Bank.  (Doc. 65 at 2).  Originally, PNC Bank was just the mortgage servicer; however, in 2008 PNC Bank acquired National City Bank.  (Doc. 65 at 2-3).

Prior to that acquisition, National City Mortgage, contending that the Plaintiffs were delinquent on their mortgage payments, retained an attorney to file a foreclosure suit.  (Doc. 65 at 3).  The foreclosure was filed in December 2008 (after the acquisition).  (Doc. 65 at 3).  The

Plaintiffs denied having fallen behind on their payments but "reinstated" the mortgage.[1]  (Doc. 65 at 4).   In January 2009, PNC dismissed the suit.   (Doc. 65 at 4).

Beginning in 2009 and continuing sporadically through much of 2010, PNC began holding some mortgage payments in a suspense account rather than applying them to the mortgage – apparently due to a dispute over whether the Plaintiffs were maintaining sufficient insurance coverage.   (Doc. 65 at 4-6).   In September 2011, an attorney filed a second foreclosure suit on behalf of PNC Bank, alleging that the Plaintiffs had stopped making mortgage payments in September 2010.   (Doc. 65 at 13-14).   The Plaintiffs contend that, as of the date when the second foreclosure was filed, all of their payments had been made and they were not in default.   (Doc. 65 at 14).   They defended the suit which, in February 2103, was dismissed.   (Doc. at 16).

In March 2014, PNC Bank filed another foreclosure suit (the "Third Foreclosure") in state court, this time alleging that the Plaintiffs had not made a payment since February 2011.   (Doc. 65 at 19).   The Plaintiffs disputed this, attaching to their answer images of their mortgage payments through August 2011, which PNC Bank had deposited.   (Doc. 65 at 19).   They also disputed a number of fees that PNC Bank contended that they owed.   Plaintiffs' attorney notified PNC Bank that the Plaintiffs were represented by counsel and sent multiple written requests for information and notice of error to PNC Bank.   (Doc. 65 at 19).   Despite this, PNC Bank sometimes contacted the Plaintiffs directly and failed to correct accounting errors and erroneously imposed fees.   (Doc. 65 at 19-27).   The Third Foreclosure remains pending.[2]

---

[1] The Plaintiffs do not explain what they were required to do to reinstate the mortgage.

[2] The docket in that case shows that one day of trial was held on September 12, 2018; the remainder of the trial has been continued until April 24, 2019.

On January 17, 2018, the Plaintiffs filed this suit, asserting claims for intentional infliction of emotional distress; wrongful foreclosure; libel; violations of the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*; and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(i)(3). On July 12, 2018, the Plaintiffs filed the Amended Complaint (Doc. 65). In it, they assert the following claims: intentional infliction of emotional distress (Count I); constructive fraud (Count II); violations of the FCCPA (Counts III[3] and IV[4]); and violations of RESPA (Count V).

PNC Bank contends that the Amended Complaint is based on facts that are parallel to the facts at issue in the Third Foreclosure, and as a result this Court should either dismiss or stay this case based on the abstention doctrines of *Younger v. Harris*, 401 U.S. 37 (1971) or *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1974). PNC Bank also contends that it is protected by Florida's litigation privilege and that the Amended Complaint fails to state a viable claim. Because the Court finds that abstention is appropriate under *Colorado River*, the remaining contentions will not be addressed.

**II.     Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" so as to give the defendant fair notice of what the claim is and the grounds upon which it rests, *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544,

---

[3] Count III is based on Fla. Stat. § 559.72(9), which prohibits, among other things, attempting to collect a debt that the collector knows to be illegitimate.

[4] Count IV is based on Fla. Stat. § 559.72(18), which generally prohibits debt collectors from communicating with debtors that they know to be represented by counsel with regard to the debt at issue.

- 3 -

127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A Rule 12(b)(6) motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir.1984). In ruling on a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988). The Court must also limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

The plaintiff must provide enough factual allegations to raise a right to relief above the speculative level, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1966, and to indicate the presence of the required elements, *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir. 2007). Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*. at 1949 (internal citations and quotations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the plaintiff is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. Analysis

The *Colorado River* abstention doctrine "addresses the circumstances in which federal courts should abstain from exercising their jurisdiction because a parallel lawsuit is proceeding in

one or more state courts." *Ambrosia Coal and Const. Co. v. Pages Morales*, 368 F.3d 1320, 1327 (11th Cir. 2004). It applies when the federal and state proceedings involve substantially the same parties and substantially the same issues. *Id.* at 1330. However, such similarity is not enough, on its own, to warrant abstention by the District Court. "Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal Court having jurisdiction." *Colorado River*, 424 U.S. at 817. Federal courts have a "virtually unflagging" obligation to exercise the jurisdiction given them, and therefore they can abstain to avoid duplicative litigation with state courts only in exceptional circumstances. *Id.* at 817-18.

*Are the lawsuits parallel?*

The parties are the same in both this case and the state case. PNC Bank spends several pages of its motion detailing how, in its words, "the factual basis of the Amended Complaint is not just parallel, but rather identical to the defenses that have been raised in" the Third Foreclosure. (Doc. 73 at 10). Generally speaking, in the instant case the Plaintiffs argue that they were never in default, and that PNC Bank committed torts and violated state and federal law by misapplying their payments, improperly imposing fees (many arising from the claimed defaults), and wrongfully attempting to foreclose on their home. PNC Bank contends that these claims are identical to defenses raised by the Plaintiffs in the Third Foreclosure. (Doc. 73 at 10). Upon review of the complaint in the Third Foreclosure, the Court finds this to be true. The Plaintiffs' second affirmative defense in that case, for example, contradicts PNC Bank's allegation that the Plaintiffs failed to make their March 2011 mortgage payment and all subsequent payments. And the Plaintiffs' third affirmative defense is that PNC Bank has unclean hands due to its allegedly wrongful imposition or exaggeration of mortgage- and foreclosure-related fees.

For their part, the Plaintiffs argue that there is "substantial doubt" that the proceedings are parallel. However, they offer only a vague assertion that the Amended Complaint is based on "allegations of servicing misconduct that are unrelated to the underlying foreclosure." (Doc. 75 at 8-9). They fail to provide any examples of issues due to be resolved in this case that are not already part of the Third Foreclosure. Accordingly, the Court finds the cases to be parallel.

*Is abstention permissible?*

In interpreting *Colorado River*, the United States Court of Appeal for the Eleventh Circuit has recognized six factors that must be weighed in analyzing the permissibility of abstention in favor of a parallel state proceeding:

> (1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights.

*Ambrosia Coal* at 1331 (citing *American Bankers Ins. Co. of Fla. v. First State Ins. Co.*, 891 F.2d 882, 884 (11th Cir.1990)). In addition, in *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 17 n. 20 (1983), the Supreme Court remarked that "the vexatious or reactive nature of either the federal or the state litigation may influence the decision whether to defer to a parallel state litigation under *Colorado River*."

No one of these factors is necessarily determinative, and the weight to be given to any one factor may vary greatly from case to case. *Ambrosia Coal* at 1332. The factors must be considered flexibly and pragmatically, not as a "mechanical checklist," and the abstention inquiry must be "heavily weighted in favor of the exercise of jurisdiction." *Id.* (quoting *Moses H. Cone*, 460 U.S. at 16).

*Assumption of jurisdiction over property*

In this case, the parties agree that the state court has assumed jurisdiction over the Plaintiffs' home in the Third Foreclosure. The Plaintiffs argue that this fact is not entitled to any weight in assessing the permissibility of abstention, as the instant case, unlike the state case, is not a proceeding *in rem*. In support, they cite *Hamilton v. Suntrust Mortg., Inc.*, 6 F.Supp.3d 1300, 1306 (S.D. Fla. 2014). In that case, the District Court found that it should not abstain from hearing the homeowner's claim, which involved forced-placed insurance, in favor of a state court foreclosure case in which the forced-placed insurance claim had been asserted as a counterclaim. In analyzing the *Colorado River* factors, the federal court concluded that the state court's assumption of jurisdiction over the res did not favor abstention, because the federal proceedings merely sought damages and did not implicate title to the property. *Id.* at 1306.

It is true that title to the Plaintiffs' home is not at issue in this case. However, unlike the situation in *Hamilton*, the issues in this case overlap with the *in rem* action. The Plaintiffs' primary contention in the instant case – *i.e.*, that they were never in default – must necessarily be addressed in the foreclosure proceeding, raising the specter of contradictory conclusions by the two courts as to the merits of the foreclosure. *See, e.g., St. Clair v. Wertzberger*, 637 F.Supp.2d 251, 255 (D. N.J. 2009) (possibility of determining, in Fair Debt Collection Practices Act case, that foreclosure had been improperly instituted, warranted *Colorado River* abstention in favor of state foreclosure suit). The Court therefore finds that this factor weighs in favor of abstention.

*Inconvenience of the federal forum*

The state court proceedings are being held in Seminole County, where the Plaintiffs' home is located, while this court sits in Orange County. The difference between these two locations is so slight that the Court finds that this factor does not weigh in favor of abstention.

### *Potential for piecemeal litigation*

The risk of piecemeal litigation is significant here, as this case and the Third Foreclosure involve substantially (if not entirely) the same issues. Thus, this court and the state court could reach conflicting opinions on identical issues, which could "cause unwarranted friction between state and federal courts, a result which is obviously undesirable and avoidable in this instance." *Spectra Commc'ns Grp., LLC v. City of Cameron, Mo.*, 806 F.3d 1113, 1121 (8th Cir. 2015) (quoting *Employers Ins. of Wausau v. Missouri Elec. Works, Inc.*, 23 F.3d 1372, 1375 (8th Cir.1994), *abrogated on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995)). This factor weighs in favor of abstention.

### *The order in which the fora obtained jurisdiction*

The state court obtained jurisdiction over this dispute nearly four years before the instant case was filed, giving the state litigation priority. The state case is also significantly more advanced, having already gone through its first day of trial, while this case has not even reached the summary judgment stage. This factor weighs in favor of abstention.

### *Whether state or federal law will be applied*

The instant case involves one federal claim – the Plaintiffs' RESPA claim. The Supreme Court has stated that the presence of federal-law issues "must always be a major consideration weighing against surrender" of jurisdiction by the federal court under *Colorado River*. *Moses H. Cone*, 460 U.S. at 26. Accordingly, this factor weighs in favor of retention of jurisdiction.

### *Adequacy of state court to protect the parties' rights*

The Plaintiffs do not contend that the state court cannot protect their rights. The Court finds that this factor is neutral.

*Vexatious or reactive litigation*

Although PNC Bank contends that the instant suit was filed as a reaction to the foreclosure proceedings, it provides no support for this contention. The Court finds that this factor is neutral.

*Conclusion*

Thus, four of the *Colorado River* factors weigh in favor of abstention, and only one weighs in favor of retention of jurisdiction. That latter factor – *i.e.*, the presence of a federal law issue – is a major consideration. But as the Supreme Court has noted, no one factor is determinative in assessing whether abstention is appropriate. *Colorado River*, 424 U.S. at 818. With this in mind and given that the state proceedings are already partway through trial, the Court finds that abstention is appropriate here. In this circuit, a stay, rather than dismissal, is the proper procedural mechanism to employ when deferring to a parallel state-court proceeding under *Colorado River*. *Moorer v. Demopolis Waterworks and Sewer Bd.*, 374 F.3d 994, 998 (11th Cir. 2004). Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Motion to Dismiss (Doc. 73) filed by the Defendant, PNC Bank, N.A., is **GRANTED**, and this action is hereby **STAYED** pending resolution of the state court foreclosure proceedings. And it is further

**ORDERED** that, beginning on April 25, 2019, and every three months thereafter, the Defendant shall file a brief status report regarding the state court proceedings.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 22, 2019.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE