# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DONALD A. PETERSON and LORI HILDMEYER,**

      Plaintiffs,

v.                                                     Case No: 6:18-cv-84-Orl-31DCI

**PNC BANK, N.A.,**

      Defendant.

## ORDER

On January 24, 2019, Magistrate Judge Irick entered his Report and Recommendation (Doc. 100) (henceforth, the "Report") regarding the Motion to Disqualify (Doc. 76) filed by the Defendant, PNC Bank, N.A. ("PNC"). In the Report, Judge Irick recommended that the motion be granted in part, and that Darren Newhart ("Newhart") and J. Dennis Card, Jr. ("Card") of Consumer Law Organization, P.A. ("CLO") be disqualified as counsel for the Plaintiffs. (Doc. 100 at 18). He also recommended that Nicholas Heath Wooten ("Wooten"), who was admitted *pro hac vice* shortly after the motion was filed, be disqualified.[1] (Doc. 100 at 18). Judge Irick further recommended that paragraph 157 be stricken from the Amended Complaint (Doc. 65) and that Newhart and Card bear the cost incurred by the Defendant of the litigation surrounding the issue of disqualification. (Doc. 100 at 19).

Newhart and Card filed an objection (Doc. 106). Wooten filed a separate objection (Doc. 101). On March 1, Defendant PNC Bank, N.A. ("PNC") filed a response (Doc. 110) to the

---

[1] Wooten is not a member of the CLO firm.

objections. Upon *de novo* review of the above, the Court finds that the Report is due to be adopted and confirmed in part.

## I. Standard

In resolving objections to the recommendation of a magistrate judge, the district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). *De novo* review does not require a new hearing of witness testimony, but it does require independent consideration of factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

## II. Background

The essential facts in this dispute are undisputed. Counsel for PNC inadvertently produced to CLO, in unredacted form, discovery material that PNC believed to be privileged. Upon learning of the error, PNC's counsel notified Newhart of the assertion of privilege; Newhart – as required by Fed. R. Civ. P. 26(b)(5)(B) – agreed to keep the material sequestered until the claim of privilege could be resolved. At a hearing on a different issue, Newhart made the same assurance to Judge Irick.

PNC's counsel subsequently moved for a protective order to resolve the privilege issue. Plaintiffs' counsel failed to respond. As PNC's motion was unopposed, Judge Irick ordered the inadvertently produced (and allegedly sequestered) material destroyed but did not explicitly decide whether the material was privileged. Plaintiffs' counsel never moved for reconsideration or otherwise attempted to revisit the issue.

Despite the promise of sequestration, at some point CLO used some of the material. Suspecting this had occurred, PNC moved to disqualify CLO. Initially, CLO denied having used the material, but at the hearing on the motion to disqualify, Card admitted that the sequestered material had been the source for paragraph 157 of the Amended Complaint (Doc. 65). Judge Irick then recommended that the motion be granted, that Newhart, Card, and Wooten be disqualified, that paragraph 157 be stricken from the Amended Complaint, and that Newhart and Card should pay the Defendant's costs incurred due to the disqualification dispute.

**III. Analysis**

Newhart and Card (henceforth, the "CLO attorneys") argue that the proper standard for disqualification is set forth in *Schlumberger Techs. v. Wiley*, 113 F.3d 1553, 1554 (11th Cir. 1997). The CLO attorneys contend that, to justify disqualification, "*Schlumberger* requires 'unethical conduct of such nature as to justify disbarment of a lawyer….'" (Doc. 106 at 2). But *Schlumberger* is not a disqualification case. It is a case about an attorney being denied admission *pro hac vice*[2] – a more significant consequence than removal from a single case.

As Judge Irick pointed out, the standard for disqualification resulting from an inadvertent disclosure is set forth in *Moriber v. Dreiling*, 95 So. 3d 449 (Fla. 3d DCA 2012). The receipt of an inadvertent disclosure warrants disqualification when the movant establishes that: (1) the inadvertently disclosed information is protected, either by privilege or confidentiality; and (2) there is a possibility that the receiving party has obtained an unfair informational advantage as a result of the inadvertent disclosure. *Id.* at 454. The CLO attorneys spend the bulk of their

---

[2] The full quote that the CLO attorneys chose to truncate makes this obvious: "We hold that binding circuit precedent requires a showing of unethical conduct of such a nature as to justify disbarment of a lawyer admitted generally to the bar of the district court in order to justify the denial of an applicant's *pro hac vice* admission." *Id.*

objection arguing that disqualification would be improper because the material at issue is not privileged. But that point is moot. The CLO attorneys had their opportunity to contest the privileged status of the inadvertently disclosed documents when the Defendant filed its motion for a protective order. They failed to file a response to that motion, waiving any arguments they had that the material was not privileged.[3]

Thus the first element of the disclosure standard is clearly met. And the same holds true for the second element, as Card admitted to Judge Irick that the material at issue had been utilized to draft part of the Amended Complaint.

Newhart and Card raise a number of arguments about topics other than privilege, but none warrant extended discussion. They argue that counsel for PNC should have moved for disqualification as soon as they saw the Amended Complaint (and, specifically, paragraph 157), but the source for the allegation contained in paragraph 157 is not immediately obvious – particularly in light of opposing counsel denying that the inadvertently disclosed material was the source. The CLO attorneys complain about a lack of notice about the ability to present evidence at the hearing on the motion to disqualification, but they fail to point to any evidence they would have presented at the hearing and have never sought to introduce any additional evidence on this issue. And their argument that they did not gain an "informational advantage" because the evidence they (improperly) utilized supported a position their clients had already taken is nonsense.[4]

---

[3] While not finding it necessary to reach the issue to resolve the instant motion, the Court agrees with Judge Irick's determination that the Defendant made a *prima facie* showing that the inadvertently disclosed material was privileged from disclosure.

[4] It also ignores Judge Irick's finding that the inadvertently disclosed materials "contain additional, privileged information that could be used to gain a further informational advantage," (Doc. 100 at 18 n. 7), a point the CLO attorneys do not contest.

The sole area in which the undersigned disagrees with the conclusion of Judge Irick is in the disqualification of Wooten, who was admitted *pro hac vice* three weeks after the motion for disqualification had been filed. (Doc. 80). In an affidavit, Wooten denies having reviewed the material at issue or having discussed it with the CLO attorneys (Doc. 101-2 at 7), and Judge Irick did not make any findings to the contrary in his Report. The sole basis for Wooten's disqualification was that he had been admitted to this District under the supervision of the CLO attorneys. (Doc. 100 at 18). But disqualification of one of a party's attorneys does not necessarily require disqualification of co-counsel. *Akerly v. Red Barn System, Inc.*, 551 F.2d 539, 543 (1977). *See also American Can Co. v. Citrus Feed Co.*, 436 F.3d 1125 (5th Cir. 1971). The Court finds there is no basis to qualify Wooten, and therefore the motion will be denied as to him.

**IV. Conclusion**

Upon consideration of the foregoing, the Report and Recommendation (Doc. 100) is **ADOPTED AND CONFIRMED IN PART**, as set forth above. And it is hereby

**ORDERED** that the Motion for Disqualification (Doc. 76) is **GRANTED IN PART**, and attorneys Darren Newhart and J. Dennis Card are **DISQUALIFIED** as counsel in this case, and they shall bear the cost incurred by the Defendant in litigating the issue of their disqualification. The Court will schedule a hearing to quantify the costs to be assessed. And it is further

**ORDERED** that paragraph 157 is **STRICKEN** from the Amended Complaint.  In all other respects, the Motion for Disqualification is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 8, 2019.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE