# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DONALD A. PETERSON and LORI HILDMEYER,**

      Plaintiffs,

v.                               Case No: 6:18-cv-84-Orl-31DCI

**PNC BANK, N.A.,**

      Defendant.

## ORDER

This matter comes before the Court without a hearing on the Motion to Stay Enforcement of Sanctions (Doc. 121) filed by Darren R. Newhart (henceforth, "Newhart") and J. Dennis Card ("Card"), who formerly served as counsel for the Plaintiffs. On May 8, 2019, the Court entered an order (Doc. 118) granting in part the Motion for Sanctions (Doc. 76) filed by the Defendant, PNC Bank, N.A. ("PNC Bank"). Pursuant to that order, Newhart and Card were disqualified as counsel and ordered to bear the costs incurred by PNC Bank in litigating the issue of disqualification. (Doc. 118 at 5). A hearing is scheduled for May 28, 2019 to determine the amount of those costs. (Doc. 105).

Newhart and Card seek to have the Court stay the hearing and reserve ruling on the amount of fees until "disposition of the case and an appeal, if any." (Doc. 121 at 1). Newhart and Card point out that the United States Supreme Court has held that orders imposing sanctions on attorneys are not immediately appealable. *Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 209 (1999). In addition, in reaching that conclusion, the unanimous *Cunningham* court recognized "the hardships that a sanctions order may sometimes impose on an attorney" and stated

that "in a particular case, a district court can reduce any hardship by reserving until the end of the trial decisions such as whether to impose the sanction, how great a sanction to impose, or when to order collection."  *Id.* at 210.

Relying on *Cunningham*, Newhart and Card seek such a delay here, arguing in part that PNC Bank will not be prejudiced in that it has already received the relief it sought – *i.e*., their disqualification.  (Doc. 121 at 2).  Newhart and Card go on to state that, unlike PNC Bank, they will suffer prejudice if the case is not stayed.  (Doc. 121 at 2 ).  However, Newhart and Card offer no explanation as to how they will be prejudiced if the hearing goes forward and the sanctions order takes effect now rather than at the conclusion of these proceedings.  Therefore, regardless of whether a delay might impose any hardship on PNC Bank, Newhart and Card have not shown that this is one of the "particular case[s]" where a delay is required.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Stay Enforcement of Sanctions (Doc. 121) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 21, 2019.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party