UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DONALD A. PETERSON and LORI HILDMEYER,**

      Plaintiffs,

v.                                                           Case No:   6:18-cv-84-Orl-31DCI

**PNC BANK, N.A.,**

      Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Quantify Attorney's Fees and Costs (Doc. 109). Plaintiffs' counsel responded to that motion (Doc. 112), and Defendant filed a Reply (Doc. 115). On May 28-29, 2019, the Court held an evidentiary hearing on the matter, which is now ripe for decision.

**I.    Background**

On October 4, 2018, Defendant filed a motion to disqualify Plaintiffs' counsel and for the imposition of sanctions (Doc. 76). The motion grew out of an alleged violation of Federal Rule of Civil Procedure 26(b)(5)(B), which governs a party's obligations when the other side has inadvertently produced information subject to a claim of privilege. On January 24, 2019, Magistrate Judge Irick issued a report in which he found that the conduct of Plaintiffs' counsel in utilizing the inadvertently produced material was inexcusable and recommending that Defendant's Motion be granted. (Doc. 100 at 19). Specifically, Judge Irick recommended that Plaintiffs' three attorneys be disqualified and that two of them – Darren Newhart and J. Dennis Card – bear the costs incurred by Defendant in litigating this issue.[1] (Doc. 100 at 19). On May 8, 2019, the

---

[1] Judge Irick recommended that this sanction be imposed pursuant to the Court's inherent

Court affirmed that report in part, finding that disqualification of Plaintiffs' third attorney, Nicholas Heath Wooten, was not warranted, but disqualifying Newhart and Card and ordering them to "bear the cost incurred by the Defendant in litigating the issue of their disqualification." (Doc. 118).[2]

On February 22, 2019, Defendant filed the instant motion, seeking to recover fees in the amount of $16,292.50, and costs of $599.05, representing the amounts incurred in connection with the disqualification issue through February 14, 2019. (Doc. 109-1). These fees and costs were supported by an affidavit of Defendant's counsel, with an attached summary of relevant time entries. Counsel's fee was calculated at $275 per hour for partner's time (Kim Israel) and $225 per hour for associate's time (Amy Kisz). On March 7, 2019, Plaintiffs' counsel filed a response (Doc. 112) to Defendant's motion for fees and costs. The first 12 pages of that 20-page response simply reiterated counsel's argument regarding the merits of disqualification; accordingly, the Court struck that portion of Plaintiffs' counsel's response. (Doc. 116). The balance of the response raised objections to portions of defense counsel's time entries. Defendant filed a reply (Doc. 115) on March 28, 2019, contending that all the time entries questioned by Plaintiffs' counsel were directly related to the disqualification issue.

On May 13, 2019, the Court issued an Order and Notice of Evidentiary Hearing (Doc. 120). That Order required the parties to file and exchange a list of witnesses, with a summary of their testimony, and a list of exhibits to be offered into evidence. (Doc. 120 at 1). On May 22, 2019, the parties complied with that Order.

---

authority. (Doc. 100 at 19). *See Chambers v. NASCO*, 501 U.S. 32, 43 (1991).

[2] Mr. Wooten has represented Newhart and Card in this proceeding.

Defendant's witness list included defense counsel and Bradley Luczak, an expert witness regarding the reasonableness of the attorney's fees incurred by Defendant in litigating the disqualification issue. Defendant also filed a supplemental affidavit (Doc. 123) covering fees incurred from February 15, 2019 (the end date of the prior affidavit) to May 21, 2019. (Doc. 123 at 4-11). The additional time incurred totaled 62.5 hours, resulting in an (additional) fee request of $15,405.00. (Doc. 123 at 2). Finally, defense counsel estimated that they would spend a total of 11 hours preparing for and attending the evidentiary hearing, thereby incurring another $4,675.00 in fees. (Doc. 123 at 2). For their part, the exhibit and witness lists filed by Plaintiffs' counsel (Doc. 126) reflected no additional witnesses and listed only one exhibit.

The evidentiary hearing began on May 28 and extended into the next day. At the hearing, Defendant introduced the testimony of Kim Israel and Amy Kisz, the primary lawyers representing Defendant in this proceeding. They testified that the time entries at issue began on June 1, 2018, with a conversation between Ms. Israel and Plaintiffs' counsel regarding the inadvertent disclosure of documents that triggered this extraordinarily contentious dispute. Ms. Israel explained that defense counsel used conservative billing judgment regarding the time entries included in the affidavits. She further testified that the rates charged to PNC of $225 to $275 per hour are well below the firm's standard rates. Ms. Kisz confirmed the accuracy of her affidavits and stated that the total amount sought by PNC was $36,971.55, which included costs of $599.05.

Defendant also called Mr. Luczak, a lawyer who has practiced in Central Florida since 1985, as an expert witness. Mr. Luczak is board-certified in business litigation and specializes in real estate-related disputes. He has served on a grievance committee as well as the arbitration committee of The Florida Bar, and has prior experience as an expert witness regarding reasonableness of attorney's fees.[3] Mr. Luczak testified that the normal hourly rate in Central

---

[3] The Court finds that Mr. Luczak is a qualified expert on the issue of a reasonable

- 3 -

Florida for litigation of this type is in the $300 to $400 range, and that the rates charged by defense counsel here were well below the market rate. In the process of arriving at a reasonable attorney's fee for this case, Mr. Luczak reviewed all of the pertinent documents, including Defendant's time entries. Using the federal lodestar test, Mr. Luczak concluded that as of May 21, 2019, defense counsel had expended a total of 129.4 hours on this dispute. At a blended rate of $244, this amounted to a total (reasonable) fee of $31,670.00.[4] Mr. Luczak also opined that, going forward, defense counsel would incur an additional 19 hours in connection with the disqualification issue, resulting in an additional reasonable fee of $4,675.00. At his own hourly rate of $400, Mr. Luczak estimated he would expend a total of 22 hours, for a fee of $8,800.

Plaintiffs' counsel offered no evidence on their own behalf.

Following the hearing, plaintiffs' counsel filed objections (Doc. 135) to PNC's amended time entries, and Defendant filed a response (Doc. 136). In their objection, Plaintiffs' counsel contend that the Defendant should not be able to recover for time spent (1) attempting to disqualify Mr. Wooten or (2) preparing for and attending the evidentiary hearing. Plaintiffs' counsel also object to the recovery of Mr. Luczak's fee and recovery for any time entries that contain a redaction. Finally, Plaintiffs' counsel make generalized objections to the reasonableness of certain categories of Defendant's time records.

In its response, Defendant points out, among other things, that Plaintiffs' counsel identified only 12.2 hours of time that related to Mr. Wooten's disqualification; that expert fees are

---

attorney's fee and that his testimony complies with the requirements of Rule 702 of the Federal Rules of Evidence.

[4] Mr. Luczak's starting point here is one-tenth of an hour (and $27.00) below the comparable figures requested in defense counsel's first two fee affidavits. The discrepancy was not raised or explained at the hearing. Accordingly, in calculating the fee award, the Court will use the smaller figure – *i.e.*, Mr. Luczak's.

recoverable as a part of a sanction award, and that the time spent preparing for and attending the Court-ordered evidentiary hearing was necessarily incurred.

## II. Legal Standard

Federal courts possess "inherent powers," not conferred by rule or statute, "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). That authority includes the ability to fashion an appropriate sanction for conduct that abuses the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). One permissible sanction is an assessment of attorney's fees – an order instructing a party that has acted in bad faith to reimburse legal fees and costs incurred by the other side. *Id.*, at 45, 111 S.Ct. 2123. Such a sanction, when imposed pursuant to civil procedures, must be compensatory rather than punitive in nature. *See Mine Workers v. Bagwell*, 512 U.S. 821, 826-830, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994) (distinguishing compensatory from punitive sanctions and specifying the procedures needed to impose each kind). In other words, the fee award may go no further than to redress the wronged party "for losses sustained"; it may not impose an additional amount as punishment for the sanctioned party's misbehavior. *Id.*, at 829, 114 S.Ct. 2552 (quoting U*nited States v. Mine Workers*, 330 U.S. 258, 304, 67 S.Ct. 677, 91 L.Ed. 884 (1947)). The necessary causal connection is appropriately framed as a but-for test: The complaining party may recover only that portion of its fees that it would have paid but for the misconduct. *Goodyear Tire & Rubber Co. v. Haeger*, 137 S.Ct. 1178, 1187, 97 L.Ed.2d 585 (2017).

## III. Analysis.

In cases in which fees are authorized by judicial doctrine, the primary method used by courts in assessing attorney-fee awards is referred to as the "lodestar approach". 4 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2675.2 (4th ed.). Under the

lodestar approach, the starting point for determining a reasonable attorney's fee involves multiplying the number of hours expended times the rate generally assessed for comparable work in the area. *Id.* Here, the hourly rates charged by defense counsel are patently reasonable; indeed, they are well below the market rate for work of this type handled by lawyers with similar skill and experience in Central Florida. The reasonableness of these rates was confirmed by Defendant's fee expert, Mr. Luczak, and are entirely consistent with the Court's own experience in this regard. Finally, it is worth noting that though they refused to stipulate as to the rates, Plaintiffs' counsel never registered an objection to the hourly rates charged by defense counsel.

With respect to the hours expended, the Court credits the testimony of defense counsel and Mr. Luczak that reasonable billing judgment was used.[5] Having reviewed Defendant's time entries, the Court is satisfied that the amount of time recorded was reasonably expended as a result of defense counsel's misconduct, with one exception: The Court will deduct 12.2 hours at a blended rate of $244 – for a total of $2,976.80 – for the time related to the effort to disqualify Mr. Wooten.

With respect to preparation for and attendance at the evidentiary hearing, that hearing was ordered by the Court to ensure that Plaintiffs' counsel had the opportunity to cross-examine Defendant's witnesses and present evidence on their own behalf. Since Plaintiffs' counsel would not even stipulate to the reasonableness of defense counsel's hourly rates, it was obviously necessary for defense counsel to prepare for and participate in the hearing ordered by the Court. Moreover, it was perfectly reasonable for defense counsel to support their claim with the testimony of Mr. Luczak. And, contrary to the argument of Plaintiffs' counsel, the Court may award expert witness fees under its inherent authority. *See Environmental Manufacturing*

---

[5] Plaintiffs' counsel did not cross-examine Mr. Luczak. Thus, his testimony is uncontroverted.

*Solutions, LLC v. Peach State Labs, Inc.*, 274 F.Supp.3d 1298, 1330 (M.D. Fla. 2017) (stating same and citing cases).

With respect to the redactions on Defendant's time records, those redactions were necessary to preserve the attorney-client privilege, and the redactions do not mask the substantive work performed. If Plaintiffs' counsel truly had any concerns about the redacted entries, they could have inquired of Defendant's counsel at the hearing. They did not, and it is disingenuous for Plaintiffs' counsel to now suggest they were prejudiced by the redactions. The same is true with respect to Plaintiffs' counsel's contention that the time entries are too vague or not sufficiently particular. The Court has reviewed these entries and finds them to be adequately descriptive of the services performed.

**IV.    Conclusion**.

Having considered the evidence and argument of counsel, the Court will grant Defendant's motion and award Defendant an attorney's fee and cost sanction against Newhart and Card, jointly and severally, in the amount of $42,767.25, quantified as follows:

Fees from 6/1/18 – 5/21/19

| Attorney | Hours | Rate | Amount |
|---|---|---|---|
| New | 1.7 | $ 275 | $ 467.50 |
| Israel | 49.4 | 275 | 13,585.00 |
| Kisz | 78.3 | 225 | 17,617.50 |
| **Subtotal** | 129.4 | $ 244.74 (blended) | **$31,670.00** |
| Less the time expended on Wooten disqualification | | | ($2,976.80) |
| **Fees through 5/21/19** | | | **$28,693.20** |

|  |  |
|---|---:|
| Additional work after 5/21/19 | 4,675.00 |
| Luczak expert fee (22 hours at $400) | 8,800.00 |
| Costs | 599.05 |
| **Total 5/21/19 - date** | **$14,074.05** |
| **Total up to 5/21/19** | **$28,693.20** |
| **Grand Total** | **$42,767.25** |

### V. Conclusion

It is hereby **ORDERED** that Defendant's Motion to Quantify Attorney's Fees and Costs (Doc. 109) is **GRANTED**. Defendant is awarded fees and costs in the total sum of $42,767.25. The Clerk is directed to enter judgment for Defendant in this amount against Plaintiffs' counsel, Darren Newhart and J. Dennis Card, jointly and severally.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 11, 2019.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE